Filed 7/31/24  P. v. Blumberg CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B332537 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA015125) |
| v. | |
| MICHAEL JAMES BLUMBERG, | |
| Defendant and Appellant. | |

———————————

Appeal from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Reversed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

In January 2016, Michael James Blumberg (Blumberg) pleaded no contest to the attempted murder of Ramon Zuniga (Zuniga). He admitted as true allegations that he personally used a firearm in connection with the offense (Pen. Code, § 12022.5, subd. (a))[1] and that he inflicted great bodily injury on Zuniga (§ 12022.7, subd.(a)). Blumberg did not, however, admit to any particular theory of attempted murder or to harboring an intent to kill Zuniga.

When Blumberg entered his plea in 2016, a defendant could be convicted of attempted murder pursuant to the natural and probable consequences doctrine. As a result, "[u]nder the law at that time, it was not necessary to prove that the defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result." (*People v. Estrada* (2024) 101 Cal.App.5th 328, 336 (*Estrada*).)

Several years later, however, the Legislature enacted amendments to the Penal Code that abolished the natural and probable consequences doctrine as a basis for attempted murder. The Legislature also enacted section 1172.6 (formerly section 1170.95), which establishes a procedure whereby persons convicted under the now-invalid theory may challenge their convictions and seek resentencing. (§ 1172.6, subd. (a).) Pursuant to that procedure, a trial court must hold a hearing to determine whether a petitioner has established a prima facie case for section 1172.6 relief. (§ 1172.6, subd. (c).) If the petitioner has done so, the court then must conduct an evidentiary hearing at which the prosecution bears the burden of establishing the petitioner's guilt of attempted murder beyond a reasonable doubt

---

[1] All subsequent statutory references are to the Penal Code.

under current law. (See *People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123 (*Guiffreda*).)

Blumberg filed a petition seeking section 1172.6 relief in the trial court. In its written response to the petition, the prosecution conceded Blumberg's entitlement to an evidentiary hearing, and the court scheduled a hearing for July 10, 2023. Although the court announced at the outset of the July 10 proceeding that it was conducting an "evidentiary hearing," it made no evidentiary findings; instead, it concluded that Blumberg's guilty plea rendered him ineligible for relief "as a matter of law." The court then stated at the conclusion of the hearing that it had "misspoke[n]" in describing the proceeding as an evidentiary hearing. Defense counsel did not object to, or otherwise seek to clarify, the court's statement.

Blumberg now asks us to reverse the trial court's order denying his petition. He contends the July 10 proceeding constituted an evidentiary hearing, and that the prosecution failed to meet its burden at the hearing of proving him guilty of attempted murder beyond a reasonable doubt.

We conclude, however, that the record demonstrates the trial court conducted only a prima facie hearing on Blumberg's petition during the July 10 proceeding. But because we also conclude the court erred in denying Blumberg's petition at the prima facie stage, we remand with instructions that the court conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

3

# FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

## A. *Blumberg's Plea*

In March 2015, the Los Angeles County District Attorney's Office filed an information charging Blumberg with attempted murder (count 1, §§ 187, subd. (a), 664) and conspiracy to "commit a crime" (count 2, § 182, subd. (a)(1)).

With respect to the attempted murder count, the information does not provide any alleged facts surrounding the crime or the prosecution's theory of guilt. Rather, the charging document asserts in a conclusory fashion only that Blumberg "unlawfully and with malice aforethought attempt[ed] to murder . . . Zuniga," and that Blumberg did so "willfully, deliberately and with premeditation."

As to the conspiracy count, the information provides more detail concerning the prosecution's theory. The five overt acts alleged in that count suggest that the prosecution intended to prove that Blumberg and one of his fellow Temple Street gang members confronted Zuniga, allegedly a member of the BLC gang, on the street; that Blumberg shot Zuniga; and that Blumberg's companion then aided him in fleeing the area and, ultimately, the country.

In January 2016, Blumberg pleaded no contest to the attempted murder of Zuniga in an amended count, from which the prosecution had dismissed the allegations that Blumberg had committed the offense willfully, deliberately, and with premeditation. Blumberg also admitted as true the allegations that he had "personally use[d] a firearm" in committing the crime (§ 12022.5, subd. (a)) and had "personally inflict[ed] great bodily injury" upon Zuniga (§ 12022.7, subd. (a).) Blumberg did not,

_____

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

4

however, admit any other facts in connection with his plea; instead, pursuant to *People v. West* (1970) 3 Cal.3d 595, he entered " 'a plea of nolo contendere, not admitting a factual basis for the plea.' " (*Estrada*, *supra*, 101 Cal.App.5th at p. 334.)  At the prosecution's request, the court dismissed the conspiracy charged in count 2 of the information.

The trial court sentenced Blumberg to 22 years in prison.

### B.    *Subsequent Changes to the Law of Attempted Murder*

Three years after Blumberg entered his plea, effective January 1, 2019, "the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

The bill accomplished this objective by, among other changes, amending section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Coley* (2022) 77 Cal.App.5th 539, 543 (*Coley*).)  The bill also added section 1172.6, which provides a procedure whereby "convicted murderers who could not be convicted under the law as amended" may petition to have their conviction vacated and be resentenced on any remaining counts. (*Lewis*, *supra*, 11 Cal.5th at p. 959.)

Effective January 1, 2022, the Legislature enacted Senate Bill No. 775 (2021–2022 Reg. Sess.), which, as relevant here, expanded the scope of section 1172.6's relief to defendants convicted of "attempted murder under the natural and probable consequences

5

doctrine." (§ 1172.6, subd. (a)(1); *Coley*, *supra*, 77 Cal.App.5th at p. 548.)

If a section 1172.6 petition contains all the required information, including "[a] declaration by the petitioner that the petitioner is eligible for relief," the trial court must appoint counsel, if requested (§ 1172.6, subd. (b)(1)(A) & (b)(3)); the prosecutor must file and serve a response to the petition, to which the petitioner may reply (§ 1172.6, subd. (c)); and "[a]fter the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

" 'In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in "factfinding involving the weighing of evidence or the exercise of discretion." [Citation.] . . . [T]he "prima facie bar was intentionally and correctly set very low." ' " (*Estrada*, supra, 101 Cal.App.5th at p. 337, quoting *Lewis*, *supra*, 11 Cal.5th at p. 972.) " 'At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of [Senate Bill No. 1437's] changes to [the law], unless the allegation is refuted by the record. [Citation.] And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense.' " (*Estrada*, *supra*, at p. 337, quoting *People v. Curiel* (2023) 15 Cal.5th 433, 463.) "If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing." (*Estrada*, *supra*, at p. 337.)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (See *Coley*, *supra*, 77 Cal.App.5th at p. 545.)

6

### C.    *Blumberg's Section 1172.6 Petition*

On October 13, 2022, Blumberg filed a pro se petition for section 1172.6 relief.  Checking boxes on a preprinted form, Blumberg attested that he "could not presently be convicted of . . . attempted murder because of changes made to [section] 188." The trial court appointed counsel for Blumberg and solicited a response from the prosecution.  In its response to the petition, the prosecution "concede[d] that [Blumberg] is entitled to have an evidentiary hearing to determine his eligibility for resentencing."

The court conducted a hearing on the petition on May 31, 2023.  No transcript of the hearing appears in our appellate record. The minute order memorializing the proceeding describes it as a section 1172.6 "evidentiary hearing," but the order contains no evidentiary findings.  Instead, the order notes only that "the People concede that [a] prima facie showing is found," and provides further that the "case is continued to July 10, 2023."

At the outset of the July 10 proceeding, the court announced, "we are here for the evidentiary hearing."  The prosecutor expressed surprise, explaining he had not intended to concede Blumberg's entitlement to an evidentiary hearing and was not prepared to present any witnesses:

"[Prosecutor]:  Well, I have no witnesses, Your Honor.  My— my response originally filed, and I maybe was operating under a misapprehension or misunderstanding, but I had conceded that the initial kind of the initial prima facie, filling out the boxes correctly had been met.  But I wasn't conced[ing] necessarily that once [defense counsel] had been—that further inquiry into the prima facie stage would be necessary.  And that under that further inquiry, he may not be eligible for resentencing."

The court nonetheless went forward with the hearing.  It did not, however, make any evidentiary findings.  Instead, it concluded

7

that Blumberg was ineligible for section 1172.6 relief "as a matter of law" because Blumberg "was the only person charged[,] and he admitted the personal use of a firearm and . . . personal infliction of great bodily injury" allegations in connection with his plea.

At the conclusion of the July 10 hearing, the court clarified that it had misspoken when it described the proceeding as an evidentiary hearing:

"The court:  I misspoke . . . regarding the [order to show cause] of today's evidentiary hearing.  And I believe the court making [its] finding as [a matter of] law, I don't have to go down the full path of the evidentiary hearing.  This was regarding the hearing as it was set for—I misspoke, and when I saw this was [the] evidentiary hearing, I looked at my notes and said today was in regard to the evidentiary hearing; so I wasn't clear.  That is[,] the findings that I made were the preliminary findings, not requiring a full evidentiary hearing, and I did not . . . I'm not considering that because I think this is as a matter of law based on what I had before me when I misspoke.  That was my error."

Defense counsel did not object to the court's comments characterizing the proceeding as a "preliminary" hearing, rather than an evidentiary hearing.

Blumberg timely appealed.

## DISCUSSION

Blumberg contends that (1) the July 10, 2023 hearing on his petition constituted an evidentiary hearing at which the prosecution bore the burden of proving him guilty of attempted murder beyond a reasonable doubt, and (2) because the prosecution failed to meet its burden, we must grant his petition for resentencing.  (See *Guiffreda*, *supra*, 87 Cal.App.5th at p. 123.)  We conclude, however, that the trial court conducted

8

only a prima facie hearing on Blumberg's petition, and we therefore remand the matter for an evidentiary hearing.

Blumberg is correct that the trial court initially described the July 10 proceeding as an "evidentiary hearing." But the court did not make any evidentiary findings during the hearing; instead, it made only "preliminary findings" concerning Blumberg's eligibility for section 1172.6 relief "as a matter of law." And when the court clarified that it had "misspoke[n]" in describing the proceedings as an evidentiary hearing, defense counsel did not object. Moreover, we find unconvincing Blumberg's contention that the court's misstatement violated his due process rights or otherwise prejudiced him. The authorities Blumberg cites in support of his argument are inapposite; none involves a section 1172.6 proceeding or a misstatement by a court. We therefore agree with the Attorney General that the July 10 proceeding constituted only a prima facie hearing on Blumberg's petition.

We are not persuaded, however, by the Attorney General's argument that remand is unnecessary because Blumberg is ineligible for section 1172.6 relief as a matter of law. Nothing in the record of conviction conclusively forecloses Blumberg's eligibility for relief.

Blumberg's "plea to the attempted murder charge does not answer the question of whether intent could have been imputed to him." (*Estrada, supra,* 101 Cal.App.5th at p. 338.) "Because the crime of attempted murder was generically charged, the [information] allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine." (*Id.* at pp. 337–338.) And Blumberg did not plead to "any specific theory of attempted murder," nor did he "admit he harbored an intent to kill." (*Id.* at p. 338.)

9

Blumberg's admission of the enhancements charged in the information likewise fails to establish his ineligibility for section 1172.6 relief.  Neither the firearm use enhancement (§ 12022.5, subd. (a)) nor the great bodily injury enhancement (§ 12022.7, subd. (a)) requires a specific intent.  (See *People v. Wardell* (2008) 162 Cal.App.4th 1484, 1488 ["a . . . section 12022.5, subdivision (a) personal use of a firearm enhancement does not require specific intent"]; *People v. Elder* (2014) 227 Cal.App.4th 411, 424 ["[s]ection 12022.7 does not require that the defendant intend to inflict [great bodily injury]".)  Therefore, Blumberg's admission of the enhancements does "not establish that he acted with the requisite malice aforethought" for an attempted murder conviction under the amended law.  (*Estrada, supra*, 101 Cal.App.5th at p. 338.)

Finally, the prosecution's decision to charge Blumberg alone does not conclusively establish that he was the sole perpetrator in the attempted murder who acted with the intent to kill.  "[A] charging decision does not establish any facts as a matter of law.  [Citation.]  [And] we are aware of no authority requiring prosecutors to try all codefendants together, so this single charging document does not foreclose the possibility of other people having been charged for related crimes."  (*Estrada, supra*, 101 Cal.App.5th at p. 339.)  Indeed, here, the allegations in count 2 of the information indicate that the prosecution believed another person was involved in the crime.  At that time, "the information did not foreclose the prosecution from presenting imputed malice before a jury regardless of whether it charged others."  (*Ibid.*)  That the prosecution charged only Blumberg in the information thus does not establish his ineligibility for section 1172.6 relief as a matter of law.

Accordingly, we reverse the trial court's order denying Blumberg's petition at the prima facie stage and remand for an evidentiary hearing in accordance with section 1172.6, subdivision (d)(3).

## DISPOSITION

The July 10, 2023 order denying Blumberg's section 1172.6 petition is reversed, and the matter is remanded for an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

WEINGART, J.

KELLEY, J.*

---

* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.